## No. 5048.

### NATHAN LORIE v. BENNETT HITCHCOCK, tax collector et al.

The ordinance of the police jury of the parish of Concordia, which provides for the levying of a special tax to be known as a contingent tax, to be appropriated to the payment of all warrants drawn on the same for the payment of attorney's fees—any surplus to be held by the treasurer as a fund for the payment of miscellaneous warrants drawn on said fund, as might be thereafter provided by ordinances of the police jury relative to the same, is violative of the 2745th section of the Revised Statutes.

In so much as concerns the payment of attorney's contingent fees, it will be time to levy and collect a tax to pay the same when the contingency which may make them due, shall have arrived.　The contingency may never happen, and there would then have been no necessity for collecting the tax.

APPEAL from the Parish Court, parish of Concordia.　*Meng*, J.　*G. Spencer Mayo*, for plaintiff and appellee.　*O. Mayo*, Parish Attorney, and *George S. Sawyer*, for defendant and appellant.

Lorie v. Hitchcock, Tax Collector, et al.

MORGAN, J.   The police jury of the parish of Concordia, employed counsel in the city of New Orleans to represent the parish in cases pending against it in the Circuit Court of the United States.   The terms of the counsel's employment were, one thousand dollars as a retaining fee, " and a contingent fee of ten per cent. on the amount recovered by the result of said suits exonerating the parish from liability to pay said debts, to be paid on his own warrant, indorsed by the president of the board ; one thousand dollars, paid as a retainer, to be deducted."   To provide for the payment of this fee, the board ordained that there should be levied and assessed a special tax of one-half per cent. on all the taxable property as borne on the tax roll of 1872, to be collected in United States currency alone, one-half on or before the first day of December, 1873, and one-half on or before the first day of December, 1874, as a special fund, to be known as the contingent fund, to be appropriated: first, to the payment of all warrants drawn on the same for the payment of attorney's fees as above set forth.   Any surplus to be held by the treasurer as a fund for the payment of miscellaneous warrants drawn on said fund, as might be thereafter provided by ordinances of the police jury relative to the same.

The tax under this ordinance for 1873 was collected.   Plaintiff injoined the tax collector from proceeding against him in the collection of the tax for the year 1874.   The injunction was made perpetual.

In so far as the ordinance had for its object the levying of a tax to be held by the treasurer as a fund for the payment of miscellaneous warrants drawn on said fund, we think it violates the 2745th section of the Revised Statutes, which declares that police juries, before they fix and decide on the amount of taxes to be assessed for the current year, shall cause an estimate to be made, exhibiting the various items of expenditure, and shall cause the same to be published in the official newspaper, the requirements of the law not having been complied with.

As for the payment of the contingent fees, we think it will be time enough to levy and collect the tax to pay them when the contingency which will make them due will have arrived.   It is possible that the cases in the Circuit Court may be lost.   In this event the fees would not have to be paid, and there would have been no necessity for collecting the tax.

The judgment of the parish court is affirmed.